# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. BRADFORD, Plaintiff, v. CITY OF MODESTO, a municipal corporation; OFFICER ROBERT HART, an individual; OFFICER DAVE RAMIREZ, an individual, OFFICER CARLOS RAMIREZ, an individual; and DOES 1 through 50, inclusive Defendants. | CV F 06-cv-1214 AWI GSA<br>ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL OF RECORD<br>(Document 20) |

**INTRODUCTION**

Jeffrey M. Hubbins, Plaintiff's counsel of record, filed a Motion to Withdraw as Counsel ("motion") on June 3, 2008. Doc. 20. Attached to the motion is a declaration filed by Jeffrey Hubbins, which contains a consent to the withdrawal signed by Plaintiff Michael Bradford ("Plaintiff"). In the consent, Plaintiff indicates that he will be proceeding pro per unless, or until, he obtains legal representation.

On June 19, 2008, Defendants City of Modesto, Officer Robert Hart, Officer David Ramirez, and Officer Carlos Ramirez ("Defendants") also filed a non-opposition to the motion. Doc. 26. Given the non-opposition of all of the parties, the Motion for Withdrawal of Counsel is GRANTED and the hearing scheduled for July 18, 2008 at 9:30 is VACATED.

On the same day that Defendants filed their non-opposition, Defendants also filed a Motion for Summary Judgment (Doc. 25) which is currently scheduled for August 4, 2008 at 1:30 pm before the Honorable Anthony W. Ishii. Doc. 25. It is unclear whether Plaintiff has been informed of the pending motion. As such, Plaintiff shall be served a copy of the Motion for Summary Judgment, as well as other documents as set forth in this order. Plaintiff shall file his reply to the Motion for Summary Judgment, or alternatively, a request for an extension, no later than July 18, 2008.

**FACTS**

This action was removed from Stanislaus County Superior Court on September 6, 2006. Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 against the Defendants. The complaint arises out of a shooting incident which occurred on June 29, 2004, in which Plaintiff was injured. According to the complaint, Plaintiff fled into a backyard during a pursuit by police. Defendants Officers Dave Ramirez, Carlos Ramirez, and Robert Hart discovered Plaintiff's location and demanded that he surrender. Plaintiff alleges he complied with officers' requests and raised his hands. Despite his compliance, Plaintiff alleges he was repeatedly shot at by Defendants and was hit in the chest with a bullet. The complaint alleges eleven causes of action against Defendants based on assault and battery, excessive force, violations of Article 1, § 7, Article 1 §17, and Article 1 §13 of the California Constitution, intentional infliction of emotional distress, negligence, negligent hiring and retention, and violations of 42 U.S.C. § 1983 based on deprivation of liberty without due process and unlawful seizure.

**DISCUSSION**

Local Rule 83-182(d) provides:

> Subject to the provisions of subsection (c), an attorney who has appeared may not withdraw leaving the client in propria persona without leave of Court upon noticed motion and notice to the client and all other persons who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

Plaintiff's counsel has filed the Motion to Withdraw because in the course of the investigation of this case, evidence surfaced which appears to defeat Plaintiff's theories of liability. Counsel believes that his continued representation and prosecution of the case would result in violations of the Rules of Professional Conduct 3-700(C)(1)(a), the Business and Professions Code § 6068, and Rule 11 of the Federal Rules of Civil Procedure.

Rule of Professional Conduct 3-700(C)(1)(a) provides that an attorney may request withdrawal if the client "insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for extension, modification, or reversal of existing law. Rule 3-700(A)(2) also provides that a "member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D), and complying with applicable laws and rules."

In this case, counsel asserts that there will be minimal prejudice to Plaintiff since written discovery has been completed and any remaining depositions can be scheduled quickly. Furthermore, any expert discovery required should not warrant a lengthy delay. Moreover, counsel has provided Plaintiff with the proper notice and Plaintiff has consented to the withdrawal. A plaintiff's request that counsel be permitted to withdraw supports granting the motion. See, Bowman v. Thurston County Corr. Facility , 2005 WL 2090671 (W.D. Wash. Aug. 30, 2005). Finally, given the potential professional ethical conflicts if representation were to continue, counsel has demonstrated good cause for withdrawal.

Based on the above, IT IS HEREBY ORDERED that :

1) The Motion to Withdraw as Counsel is GRANTED and the hearing scheduled for July 18, 2008 at 9:30 am is VACATED;

2) The Clerk of the Court is ORDERED to RELIEVE Jeffrey M. Hubins and the law firm of Schauman and Hubins as counsel of record for Plaintiff and SUBSTITUTE Plaintiff,

///

///

appearing pro se, listing Plaintiff's address as follows :

USP Lee County
P.O. Box 305
Jonesville, Virginia 24263

3) The Clerk of the Court is ORDERED to serve Plaintiff with the following documents at the address listed above :

a) A copy of this order;

b) A copy of Defendant's Motion for Summary Judgment filed on June 19, 2008 (Doc. 25);

c) A copy the docket sheet associated with this case;

d) A copy of Local Rule § 78-230;

e) Copies of two informational orders issued contemporaneously with this order.

4) Plaintiff shall file a reply to Defendant's pending Motion for Summary Judgment, or alternatively, request for an extension of time to reply, no later than July 18, 2008; and

5) Counsel Jeffrey M. Hubins shall inform the court if Plaintiff's address listed above has changed, and if so, counsel shall provide the court with Plaintiff's correct address forthwith.

**IT IS SO ORDERED.**

Date: July 3, 2008

Gary S. Austin
The Honorable Gary S. Austin
United States Magistrate Judge