# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. BRADFORD, | ) 1:06-cv-1214 AWI GSA |
| | ) |
| Plaintiff, | ) ORDER REGARDING PLAINTIFF'S MOTION |
| | ) TO MODIFY THE SCHEDULING ORDER |
| v. | ) AND "MOTION FOR LEAVE TO FILE |
| | ) FURTHER MOTIONS" |
| CITY OF MODESTO, a municipal | ) |
| corporation et al., | ) (Docs. 51 & 57) |
| | ) |
| Defendants. | ) |

Plaintiff Michael J. Bradford ("Plaintiff") is a federal prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants Robert Hart, Carlos Ramirez, and David Ramirez for excessive force (eighth and ninth causes of action) in violation of the Eighth Amendment.[1]

On August 20, 2009, Plaintiff filed a "Motion Requesting Court to Modify Previous Scheduling Order." (Doc. 51.) On August 21, 2009, Defendants opposed the motion. (Doc. 52.) Plaintiff also filed a "Motion For Leave to File Further Motions" on August 27, 2009. (Doc. 57.) In accordance with Local Rule 78-230(m), this Court heard oral argument on September 2, 2009.

## DISCUSSION

Federal Rules of Civil Procedure, Rule 16(b)(2) and (3), requires district courts to enter scheduling orders to establish deadlines for, among other things, "to file motions" and "to complete discovery." Modification of the scheduling order requires a showing of good cause. Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot be reasonably met despite

---

[1] On October 2, 2008, Chief Judge Anthony W. Ishii granted summary adjudication in favor of all Defendants on the first through seventh, and tenth and eleventh, causes of action. (*See* Doc. 41 at 28.)

1

the diligence of the party seeking the extension.'" *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002), quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992).

**A.     *Plaintiff's Motions & Oral Argument***

In his initial motion, Plaintiff indicated that "due to no cause of his, the discovery in this case will not be completed" prior to the pretrial statement. He indicated that lockdowns have prevented him from completing "interrogatories" and research regarding Defendants' motions *in limine*. Next, Plaintiff stated he "will soon be filing a Motion to Suppress evidence" and indicated that the "last interrogatories" are necessary to the motion. Plaintiff referenced "Rule 36" and his "intention to employ this vehicle" to obtain the additional discovery.

Defendants filed an opposition to Plaintiff's motion on August 21, 2009. Defendants assert that Plaintiff has failed to establish good cause for modifying the scheduling order. Defendants point out this matter was originally filed in Stanislaus County Superior Court in June 2006, prior to removal to this Court in September 2006. A jury trial was set to commence on October 7, 2008, yet Plaintiff's counsel was permitted to withdraw so the trial date was vacated.[2] Defendants oppose any further delay.

During oral argument, after advising Plaintiff that discovery closed on April 18, 2008, this Court asked Plaintiff to specifically identify what discovery he believed was necessary. Plaintiff eluded to information concerning the confidential informant, a related wiretap, 535 pages of material related to the internal affairs investigation, and a videotape.

Defense counsel advised the court that the confidential informant will not be a witness at trial, that the transcription of the wiretapped conversation has been produced, that the 535 pages to which Plaintiff referred had already been produced (described as a black, three ring binder, with various tabs, number-stamped on the lower left hand corner), and that he was not aware of

---

[2] Counsel was permitted to withdraw on July 3, 2008. Plaintiff consented to his attorney's withdrawal from the case. (Doc. 28.)

2

any videotape depicting Plaintiff.[3]  Lastly, defense counsel advised the Court that the interrogatories Plaintiff recently served do not relate to Plaintiff's assertions during oral argument regarding the confidential informant or the wiretap.

### B.     *Good Cause Has Not Been Shown*

As noted, a scheduling order may be modified for good cause.  *Zivkovic v. Southern California Edison Co.*, 302 F.3d at 1087.  Plaintiff, however, has failed to establish good cause.

Discovery closed on April 18, 2008, and the last day to file discovery related motions was June 2, 2008, pursuant to the operative Scheduling Order of January 8, 2007.  (Doc. 12.)  When Plaintiff's counsel was permitted to withdraw as counsel of record in July 2008, he advised the Court that Plaintiff had been involved in the discovery process and that all written discovery had been completed.  (*See* Doc. 21 at 2.)

When asked by the Court why Plaintiff had not previously sought to reopen discovery or modify the scheduling order, Plaintiff replied that he was not knowledgeable about the law and was "unaware at the time" that he needed this additional information.  However, Plaintiff was aware that previous counsel considered discovery to be complete, and made no effort whatsoever in the last fourteen months to reopen discovery.  Although the Court recognizes that Plaintiff is proceeding pro se, ignorance of proper legal procedure cannot be used to satisfy the diligence requirement.

Moreover, based upon Plaintiff's representations to the Court during oral argument, it appears that most of Plaintiff's concerns can be addressed in motions *in limine* or can be challenged during the trial itself.  Thus, there is no need for "further motions" in the sense contemplated by Plaintiff.

//
//
//

---

[3] Defense counsel agreed to ensure a second videotape does not in fact exist, although he indicated to the Court that had such a videotape existed it would have been produced.  Defense counsel was only aware of one videotape that depicted someone walking, a nearby vehicle, and the yard areas involved in the arrest incident.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motions to modify the scheduling order and for "further motions" are DENIED.

IT IS SO ORDERED.

Dated:   **September 4, 2009**            **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE