UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA - FRESNO

| | | |
|---|---|---|
| **MICHAEL J. BRADFORD, an individual** ) | | No.  1:06-CV-01214-OWW-GSA |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| vs. ) | | |
| ) | | |
| **CITY OF MODESTO, a municipal** ) | | **ORDER ON MOTIONS IN LIMINE** |
| **corporation; OFFICER ROBERT HART,** ) | | |
| **an individual; OFFICER DAVE** ) | | |
| **RAMIREZ, an individual; OFFICER** ) | | |
| **CARLOS RAMIREZ,** ) | | |
| **an individual; and DOES 1 through 50,** ) | | |
| **Inclusive.** ) | | |
| ) | | |
| Defendants. ) | | |
| ) | | |

On October 15, 2009, this matter came regularly on calendar in Courtroom 3 of the above-entitled court, the Honorable Oliver W. Wanger presiding, for hearing on the various motions in limine filed by the parties in the action.  On October 20, 2009, the court heard further argument on  the plaintiff's motion to exclude evidence of his gang membership, which is addressed in item 5, below.

The court rules on those motions as follows:

**PLAINTIFF'S MOTIONS IN LIMINE:**

**1.      Evidence that the plaintiff is currently incarcerated.**

The plaintiff has moved for an order barring the defendants from introducing evidence at trial which would reveal that the plaintiff is currently incarcerated.  The defendants have not opposed this motion unless the plaintiff introduces evidence at trial which renders his custody status relevant.

The court **GRANTS** this motion and orders the defendants to refrain from introducing evidence which would reveal the plaintiff's custody status unless first permitted to do so by the court upon the plaintiff's having raised some issue which renders such evidence relevant in this trial.

**2.      Evidence regarding the recorded conversation between the plaintiff and the confidential informant which took place immediately prior to the arrest of plaintiff:**

1   The plaintiff moves for an order barring evidence of the conversation which was monitored by

2   law enforcement between their confidential informant and the plaintiff on June 29, 2004 prior to the

3   arrest incident which gives rise to this action.

4   Subject to the laying of sufficient foundation for evidence of information which was obtained

5   from the real time monitoring of that conversation by law enforcement, and which was relayed to the

6   defendant officers prior to their decision to use force on the person of the plaintiff, this motion is

7   **DENIED**.

8   The tape recording of that conversation, and the transcript of that tape recording, however, will

9   be **EXCLUDED** from admission into evidence as hearsay documents.

10  **3.    Defendants' Exhibits 501 through 507, inclusive:**

11  The plaintiff objects to the admission of defendants' exhibits 501 through 507, inclusive, which

12  are police reports documenting various crimes in which plaintiff Bradford was a suspect at the time of

13  the incident giving rise to this action.

14  These reports are inadmissible hearsay documents, and, as such, this motion is **GRANTED**, and

15  those documents are **EXCLUDED** from admission into evidence at trial.

16  **4.    Plaintiff's felony convictions:**

17  The plaintiff has objected to the introduction of evidence of his felony convictions as

18  inadmissible character evidence.

19  The plaintiff admits to having sustained a felony conviction in California state court in 2001 on

20  a first degree robbery, as defined in California Penal Code section 212.5, subdivision (a), a crime

21  punishable by more than one year of confinement.  The plaintiff also admits to having sustained in

22  United States District Court in 2006 a conviction on two felony counts of Using a Firearm During a

23  Crime of Violence, in violation of Title 18 U.S.C. section 924 (c) (1), crimes which are punishable by

24  more than one year of confinement.

25  Federal Rules of Evidence, rule 609 provides for the admission of evidence that a witness has

26  been convicted of a crime punishable by more than one year imprisonment in order to impeach that

27  witness' credibility, subject only to the court's Rule 403 analysis of the balance between the probative

28  value of such evidence against its prejudicial effect.

1   The court finds that the probative value of evidence of the plaintiff's 2001 conviction in state

2   court as impeachment evidence in this case outweighs its prejudicial effect.

3   The court further finds that the probative value of evidence of the plaintiff's 2006 conviction in

4   federal court on one count of violation of Title 18 U.S.C. section 924 (c) (1) outwieghs its prejudicial

5   effect, but that the prejudicial effect of evidence of the conviction of a second count of the same

6   violation in that case would outweigh its probative value.

7   The court, therefore **GRANTS**, in part, and **DENIED**, in part, the plaintiff's instant motion in

8   limine, and **ORDERS** that the defendants may impeach the plaintiff's credibility as a witness in this

9   action by presenting evidence that the plaintiff sustained a conviction in state court in 2001 for a felony

10   first degree robbery, and a conviction in federal court in 2006 for a felony violation of  using a firearm

11   during a crime of violence.

12   **5.    Plaintiff's gang membership:**

13   The plaintiff moves for an order excluding evidence of his membership in a criminal gang as

14   unduly prejudicial under F.R.E., rule 403.

15   The court finds that the prejudicial effect of such evidence, which is great, does not outweigh its

16   probative value, in light of the fact that the plaintiff's gang involvement was known to the defendant

17   officers in advance of the encounter of June 29, 2004 and the incident giving rise to this action, and since

18   it was a factor which was weighed by them in calculating the danger which the plaintiff might pose to

19   officers attempting to arrest him.

20   As a result, this motion is **DENIED**, and evidence known to the defendant officers at the time

21   of the incident giving rise to this action regarding the plaintiff's gang membership will be admitted into

22   evidence not for the truth of the matter asserted, but rather solely for consideration as part of the "totality

23   of the circumstances" known to the defendant officers at the time that their "use of force" decision was

24   made.

25   **6.    Medals and/or awards of the defendant officers:**

26   The plaintiff moves for an order excluding evidence of any medals or awards earned by any of

27   the defendant police officers as irrelevant to any issue in contention in this action.

28   The defendants do not oppose this motion.

1    This motion is **GRANTED.**

2    **7.    The recorded conversation between plaintiff and the confidential informant, and the transcript thereof:**

3

4    The plaintiff moves for an order barring the introduction of the tape recording of the conversation

5    which was monitored by law enforcement between their confidential informant and the plaintiff on June

6    29, 2004 prior to the arrest incident which gives rise to this action, and the transcript of the contents of

7    that tape into evidence in this trial on the ground that those documents constitute inadmissible hearsay

8    The defendants do not oppose this motion.

9    This motion is **GRANTED**.

10   **8.    Defendants' expert witness testimony:**

11   The plaintiff seeks to block the defendants from calling their expert witness to testify regarding

12   police practices issues on the ground that the defendants failed to provide Rule 26 expert witness

13   disclosure in a timely manner in accordance with the court's scheduling order.

14   The defendants respond by defense counsel's offer of proof stating that he and plaintiff's former

15   counsel of record in this matter entered into an agreement not to object on this basis prior to the passage

16   of the disclosure deadline, so as to allow counsel the opportunity to try to resolve the case without the

17   expenditure of expert witness fees.  In reliance upon that agreement, defense counsel delayed expert

18   witness disclosure until it became obvious that trail was unavoidable.

19   The court finds that the defendants' failure to timely disclose their expert witness information

20   was done in justifiable reliance upon an agreement struck between counsel for both sides which was

21   designed to avoid the unnecessary expenditure of funds in trial preparation while settlement discussions

22   were in progress.  As a consequence, this motion is **DENIED**.

23   **9.    Evidence regarding plaintiff's current conviction by plea:**

24   The plaintiff moved separately to exclude evidence of his conviction on federal charges in the

25   2006 plea agreement addressed in paragraph 4, above.  For the same reasons set forth in that paragraph,

26   the court **GRANTS**, in part, and **DENIED**, in part, the plaintiff's instant motion in limine, and

27   **ORDERS** that the defendants may impeach the plaintiff's credibility as a witness in this action by

28   presenting evidence that the plaintiff sustained a conviction in federal court in 2006 for a felony

-4-

violation of using a firearm during a crime of violence, without revealing that that conviction involved two counts of the same offense.

**DEFENDANTS' MOTIONS IN LIMINE:**

**1.      Motion to exclude evidence of misconduct by the defendant officers:**

The defendants move to exclude "other bad acts" evidence related to complaints of misconduct by the defendant police officers as irrelevant to any issue in contention in this action, and as unduly prejudicial.

The court finds such evidence to be irrelevant to any issue in contention in this action, and thus inadmissible under F.R.E., rule 402.

This motion is **GRANTED.**

**2.      Motion to exclude evidence that certain witnesses claim never to have seen plaintiff Bradford in possession of a firearm:**

The defendants move to exclude the anticipated testimony of plaintiff's witnesses Rebecca Ingham and Guadalupe Aluarez that neither person has ever seen plaintiff Bradford in possession of a firearm on the grounds that such evidence is not relevant to any issue in contention in this action, and that it is impermissible character evidence.

The court finds that, in light of the parties' agreement that Ms. Ingham was in the plaintiff's company during the efforts of the police to conduct a stop on the vehicle in which she was transporting plaintiff Bradford immediately prior to his capture by the defendant police officers after a foot pursuit and yard search, evidence which she might offer as to whether she saw plaintiff Bradford in possession of a firearm during that time is relevant and admissible at trial, but that evidence that neither of the named witnesses saw him in possession of a firearm at any other time is irrelevant and inadmissible.

This motion is, therefore, **GRANTED**, in part, and **DENIED**, in part, in that witness Ingham may testify as to whether she saw plaintiff Bradford in possession of a firearm during the course of the events which led immediately to his encounter with the defendant police officers which gives rise to this action, but neither of the named witness may testify as to whether she had ever seen plaintiff Bradford in possession of a firearm on any other occasion.

**3.      Motion to exclude evidence that plaintiff Bradford was actually unarmed at the time of the**

**application of force by the defendant officers:**

The defendants move for an order excluding evidence that plaintiff Bradford was actually unarmed at the time that force was used on his person on the ground that, since the standard which applies to the constitutional propriety of a police use of force is "objective reasonableness" which turns upon a determination based upon the totality of the circumstances which were know to the officers at the time of the use of force, and since the officers did not learn that plaintiff Bradford was actually unarmed until after the application of force in this incident, evidence of that fact is not relevant to the constitutional determination which is here in issue, and thus inadmissible under F.R.E., rule 402.

The court, finding a distinction between the circumstances of the instant litigation and those of *Sherrod v. Berry*, 856 F.2d 802 (7th Cir. 1988) (*Sherrod*), upon which the defendants rely for authority, finds that evidence that plaintiff Bradford was actually unarmed at the time of the use of force upon him in the incident giving rise to this action is probative of the credibility of plaintiff Bradford on his claim that, contrary to the assertion by the defendant officers, he did not move his hand to the area of his waistband immediately before the officers began to fire at him.

For that reason, the court **DENIES** this motion.

IT IS SO ORDERED.

**Dated:    October 23, 2009**                            **/s/ Oliver W. Wanger**
                                                    UNITED STATES DISTRICT JUDGE